UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVAND DIVISION

DENICE ZACHEFSKY,

    Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Case No.:

**COMPLAINT AND JURY DEMAND**

## **COMPLAINT**

Plaintiff, DENICE ZACHEFSKY ("Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), alleging as follows:

### I. INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. The TCPA was legislated to prevent companies like PORTFOLIO RECOVERY ASSOCIATES, LLC from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the

autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Jurisdiction also arises pursuant to 15 U.S.C. § 1692(k)(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

6. The violations described in this Complaint occurred in Ohio.

## III. PARTIES

7. Plaintiff is a natural person residing in Cuyahoga County, in the city of Olmsted Falls, Ohio and is otherwise *sui juris*.

8. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

9. Defendant is a limited liability corporation conducting business in the state of Ohio, with its principal place of business located in Norfolk, Virginia. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

10. Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6), and sought to collect a consumer debt from Plaintiff.

11. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## IV. FACTUAL ALLEGATIONS

12. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts that arose from personal, family, and household purposes and that were incurred through purchases made on credit issued by Synchrony Bank.

13. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

14. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (440) XXX-9296.

15. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (972) 338-9743, (440) 210-5559, (330) 259-7873, (336) 564-2527, (866) 459-1329, (907) 802-4573, (866) 459-1327, (619) 309-1942, (440) 210-5526, (516) 260-6008, (866) 459-0390, (432) 201-8981, (866) 459-1324, (440) 210-5561, (904) 849-9027, (731) 249-1268, (725) 206-6285, (216) 264-2775, (219) 237-5164, (866) 459-1338, (334) 500-1163, (866) 459-1341, (440) 210-5526, (620) 399-6559, (866) 459-0387, (866) 454-5978, (843) 508-8443, (866) 459-1337, (216) 264-2961, (805) 244-2414, (702) 291-2045, (234) 222-6557, (509) 215-7896, (517) 209-4118, (308) 872-7528.

16. Upon information and belief, based on the number, frequency and timing of the calls, Defendant's calls were placed with an automatic telephone dialing system.

17. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed

by Plaintiff.

18. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

19. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

20. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

21. On or about December 13, 2018, Plaintiff spoke with a representative of Defendant's company at phone number (972) 338-9743, and told Defendant to stop calling her cellular telephone.

22. During the December 13, 2018 conversation, Plaintiff gave Defendant her name and social security number in order to assist Defendant in identifying and accessing her accounts before asking Defendant to stop calling her cellular telephone.

23. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on December 13, 2018.

24. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone after December 13, 2018.

25. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least sixty-seven (67) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

26. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, DENICE ZACHEFSKY, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC., as follows:

    a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: sixty-seven (67) for a total of thirty-three thousand five hundred dollars ($33,500.00);

    b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c. Granting Plaintiff such other and further relief as may be just and proper.

COMPLAINT AND JURY DEMAND
- 5 -

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)(3)(C)**

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

32. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, DENICE ZACHEFSKY, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: sixty-seven (67) for a total of one hundred thousand five hundred dollars ($100,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

**THIRD CAUSE OF ACTION**
**DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.***

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

36. Defendant's violations of the FDCPA include, but are not limited to, the following;

    a. Defendant violated §1692(d) of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated §1692(d)(5) by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, DENICE ZACHEFSKY , respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

37. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

38. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k; and

39. Awarding other such further relief as may be just, proper, and equitable.

### V.    **JURY TRIAL DEMAND**

40. Plaintiff demands a jury trial on all issues so triable.

Dated: August 19, 2019

                                    RESPECTFULLY SUBMITTED,

                                    By: */s/ Adam T. Hill*
                                          Adam T. Hill
                                          The Law Office of Jeffrey Lohman, P.C.
                                          4740 Green River Rd., Suite 310
                                          Corona, CA 92880
                                          Tel. (657) 236-3525
                                          E: AdamH@jlohman.com
                                          Attorney For Plaintiff, DENICE ZACHEFSKY